**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-8000
(212) 752-8393 Facsimile
Leo V. Leyva
James T. Kim
Michael Yellin
*Attorneys for 38th Avenue Mezz LLC*

**Hearing Date and Time:**
**October 26, 2016, at 11:30 p.m.**
**Objection Deadline:**
**October 19, 2016, at 11:30 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SHIROKIA MEZZ I LLC,<br><br>Debtor.[1] | Chapter 11<br>Case No. 1:16-bk-43666 (NHL) |

**MOTION OF 38TH AVENUE MEZZ LLC FOR ENTRY OF AN ORDER: (A) DISMISSING DEBTOR'S CHAPTER 11 PETITION PURSUANT TO 11 U.S.C. § 1112(b) OR, ALTERNATIVELY, (B) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Of Counsel and on the Brief:
    Leo V. Leyva
    James T. Kim
    Michael R. Yellin

---

[1] The last four digits of Debtor's federal tax identification numbers are 5842.

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES .................................................................................................... ii

STATEMENT OF FACTS ....................................................................................................... 3

LEGAL ARGUMENT .............................................................................................................. 4

    I.    DEBTOR'S CHAPTER 11 PETITION WAS FILED IN BAD FAITH AND SHOULD BE DISMISSED PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE ...................................................................... 4

        A.    DEBTOR'S PETITION WAS FILED IN SUBJECTIVE BAD FAITH ........................................................................................................... 7

        B.    DEBTOR'S PETITION IS OBJECTIVELY FUTILE ............................... 9

    II.    IN THE EVENT THIS COURT IS DISINCLINED TO DISMISS DEBTOR'S PETITION, THE COURT SHOULD VACATE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) ........................... 11

CONCLUSION ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

In re 68 W. 127 St., LLC, 285 B.R. 838 (Bankr. S.D.N.Y. 2002) .................................................... 6

In re 221-06 Merrick Blvd. Assocs. LLC, Case No. 1-10-45657-jbr, 2010 WL
    5018265 (Bankr. E.D.N.Y. Dec. 3, 2010) .............................................................................. 12

In re 234-6 W. 22nd St. Corp., 214 B.R. 751 (Bankr. S.D.N.Y. 1997) .................................. 11, 12

In re 347 Linden LLC, Case Nos.11-CV-1990(KAM), 11-CV-2201(KAM), 11-
    CV-2202(KAM), 2011 WL 2971496 (E.D.N.Y. July 20, 2011) .............................................. 5

In re AMC Realty Corp., 270 B.R. 132 (Bankr. S.D.N.Y. 2001) ...................................................... 5

Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.), 931
    F.2d 222 (2d Cir. 1991) ...................................................................................................... 6, 10

Burger Boys, Inc. v. S. St. Seaport L.P. (In re Burger Boys, Inc.), 183 B.R. 682
    (S.D.N.Y 1994) ....................................................................................................................... 12

Carolin Corp. v. Miller, 886 F.2d 693 (4th Cir. 1989) .................................................................. 10

Casse v. Key Bank. Nat'l Ass'n (In re Casse), 198 F.3d 327 (2d Cir. 1999) .................................. 5

Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC, 476 B.R. 60 (E.D.N.Y.
    2012) ................................................................................................................................ 4, 5, 6

In re Consol. Distribs., Inc., Case No. 13-40350 (NHL), 2013 WL 3929851
    (Bankr. E.D.N.Y. July 23, 2013) .................................................................................... 6, 7, 10

C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304,
    1310 (2d Cir. 1997) ........................................................................................................ 4, 5, 7

In re Eclair Bakery Ltd., 255 B.R. 121 (Bankr. S.D.N.Y. 2000) ............................................... 6, 12

Ford v. Bd. of Managers of Cameo Townhouses at Massapequa, Case No.
    08CV2740(ADS), 2009 WL 425888 (E.D.N.Y. 2009) ......................................................... 12

In re Hartford & York LLC, Case No. 13-45563-ess, 2014 WL 985449 (Bankr.
    E.D.N.Y. Mar. 13, 2014) ...................................................................................................... 4, 7

In re HBA E., Inc., 87 B.R. 248 (Bankr. E.D.N.Y. 1988) ................................................................ 9

In re Kingston Square Assocs., 214 B.R. 713 (Bankr. S.D.N.Y.1997) .......................................... 6

In re Laguna Assocs., L.P. v. Aetna Cas. & Sur. Co. (Laguna Assocs., L.P.), 30 F.3d 734 (6th Cir. 1994) ................................................................................................12

Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068 (5th Cir. 1986) ..........................................................................5

In re Loco Realty Corp., Case No. 09-11785(AJG), 2009 WL 2883050 (Bankr. S.D.N.Y. June 25, 2009) ...................................................................................10

In re Lombardo, 370 B.R. 506 (Bankr. E.D.N.Y. June 29, 2007) ......................................6

In re Murray, 543 B.R. 484 (Bankr. S.D.N.Y. 2016) .........................................................7

In re Project Orange Assocs., LLC, 432 B.R. 89 (Bankr. S.D.N.Y. 2010) ................8, 12

In re Reyes, Case No. 14-13233(SMB), 2015 WL 4624156 (Bankr. S.D.N.Y. Aug. 4, 2015) ..................................................................................................................6

In re RYYZ, LLC, 490 B.R. 29 (Bankr. E.D.N.Y. 2013) ..............................................6, 11

Sonnax Indus, Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus, Inc.), 907 F.2d 1280 (2d Cir. 1990) ..............................................................................................12

Squires Motel, LLC v. Gance, 426 B.R. 29 (N.D.N.Y. 2010) ............................................9

In re Syndicom Corp., 268 B.R. 26 (Bankr. S.D.N.Y. 2001) ......................................6, 12

In re Touloumis, 170 B.R. 825 (Bankr. S.D.N.Y. 1994) ..................................................12

In re Victory Constr. Co., 9 B.R. 549 (Bankr. C.D. Cal. 1981) .........................................5

**RULES**

Fed. R. Bank. P. 1007(b) ....................................................................................................8

Fed. R. Bank. P. 1007(c) ....................................................................................................8

**STATUTES**

11 U.S.C. § 362(d) ......................................................................................................... 2, 11, 12, 13

11 U.S.C. § 362(g) ........................................................................................................................ 12

11 U.S.C. § 1112(b) ................................................................................................................ *passim*

11 U.S.C. § 1129(a) ...................................................................................................................... 10

**PRELIMINARY STATEMENT**[2]

The timing and circumstances surrounding the commencement of this Chapter 11 case—the second such filing by a Debtor-related entity—make abundantly clear that this two-party dispute was filed by Shirokia Mezz I LLC ("**Debtor**") in bad faith. Debtor and its affiliates have defaulted on three (3) loans secured by the same property, resulting in two (2) Chapter 11 proceedings before this Court. Based on the undisputed factual record, it is readily apparent that Debtor's sole motivation with this latest filing is to frustrate and delay 38th Avenue Mezz LLC's ("**38th Avenue**") exercise of its contractual and state law rights and remedies, including the completion of a UCC Sale that had been scheduled for August 17, 2016, *the day after the Debtor's petition was filed.* This Court should not countenance Debtor's bad faith filing.

Debtor is the sole member of Mortgage Borrower, a single asset real estate entity that owns that certain real property, located at 142-28 38th Avenue, Flushing, New York (the "**Property**"). On December 23, 2015, to avoid foreclosure of the Property, Mortgage Borrower obtained two loans, in the combined original principal amount of $20,000,000.00. First, Mortgage Borrower obtained a loan for $18,000,000.00 (the "**Senior Loan**") from W Financial Fund, LP ("**Senior Lender**"), secured by a mortgage in the same amount (the "**Senior Loan Mortgage**") against the Property. In addition, 38th Avenue provided $2,000,000.00 in mezzanine financing (the "**Mezzanine Loan**") to Debtor. The Mezzanine Loan is secured by, among other things, Debtor's pledge of a first priority security interest in all of its right, title, and interest in and to the Mortgage Borrower (the "**Pledged Membership Interests**").

---

[2] Capitalized terms used herein have the same meaning ascribed to said terms in the accompanying Affidavit of Yung Hsing Chou (the "**Chou Aff.**").

1

On February 1, 2016, Mortgage Borrower defaulted under the terms of the Senior Loan Documents, by failing to make any of the interest payments due thereunder.  As a result of this default, Senior Lender commenced a foreclosure proceeding against the Property, which remains pending.  *<u>Mortgage Borrower's default under the Mortgage Loan Documents also constitutes a default by Debtor under the Mezzanine Loan Documents</u>*.  Based upon the occurrence, existence, and continuation of such default, and pursuant to the express terms of the Pledge Agreement and the UCC, 38th Avenue scheduled a public sale of the Pledged Membership Interests for August 17, 2016 (the "**UCC Sale**").  One day before the UCC Sale was scheduled to take place, however, Debtor filed its Chapter 11 petition.

Because the Mezzanine Loan is subordinate to the Senior Loan in all respects, Debtor cannot confirm a plan in this Chapter 11 case without first demonstrating how it intends to satisfy the Senior Loan owed by the Mortgage Borrower.  Indeed, *<u>Debtor cannot cure its default under the Mezzanine Loan Documents without curing its default under the Senior Loan Documents</u>*.  Debtor cannot and has not cured its default and, quite tellingly, Mortgage Borrower is on the verge of losing its sole asset, the Property, in foreclosure.  Thus, there are no assets available whatsoever for Debtor to fund a viable plan.

It is beyond cavil that Debtor's Chapter 11 petition was filed solely to prevent 38th Avenue from proceeding with the UCC Sale.  Against this backdrop of bad faith conduct, 38th Avenue respectfully moves this Court for entry of an Order: (A) dismissing Debtor's Chapter 11 petition pursuant to 11 U.S.C. § 1112(b); or, alternatively, (B) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Affidavit of Yung Hsing Chou. For the sake of brevity, those facts will not be repeated below, but are incorporated herein by reference.

55561/0001-13513688v3

# LEGAL ARGUMENT

## I. DEBTOR'S CHAPTER 11 PETITION WAS FILED IN BAD FAITH AND SHOULD BE DISMISSED PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE.

Debtor's Chapter 11 petition is nothing more than a classic bad faith filing, designed solely to derail 38th Avenue from exercising its contractual and state law rights and remedies including, without limitation, its absolute right to complete the UCC Sale of the Pledged Membership Interests. Because Debtor filed its petition in bad faith, the petition should be dismissed pursuant to 11 U.S.C. § 1112(b)(1).

Section 1112(b)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter . . . for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).[3]

"Cause" is defined in Section 1112(b)(4), which provides that "the term 'cause' includes" sixteen examples of acts or defaults by a debtor that would constitute cause to dismiss a Chapter 11 petition. "It is important to note that this list is illustrative, not exhaustive." C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304, 1310 (2d Cir. 1997); In re Hartford & York LLC, Case No. 13-45563-ess, 2014 WL 985449, at *4 (Bankr. E.D.N.Y. Mar. 13, 2014). Indeed, the "[t]he court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." Clear Blue Water, LLC

---

[3] Pursuant to 11 U.S.C. § 1112(b)(2), the Court may not dismiss a case pursuant to Section 1112(b)(1) if the Court: "finds and specifically identifies unusual circumstances establishing that . . . dismissing the case is not in the best interests of creditors and the estate, **and** the debtor establishes that:" (A) there is a "reasonable likelihood" that a plan will timely be confirmed; and (B) "the grounds for converting or dismissing the case "include an act or omission of the debtor other than under paragraph (4)(A)" for which there exists "reasonable justification" and "that will be cured within a reasonable period of time fixed by the court." Id. No unusual circumstance exists in this case. Furthermore, as discussed herein, there is no prospect of confirming a plan within a reasonable time.

4

v. Oyster Bay Mgmt. Co., LLC, 476 B.R. 60, 66 (E.D.N.Y. 2012) (quoting Casse v. Key Bank. Nat'l Ass'n (In re Casse), 198 F.3d 327, 334 (2d Cir. 1999)).  In that regard, "[a] bankruptcy court has discretion to determine what additional circumstances, not enumerated in the statute, may constitute cause."  Id. at 67; see also In re 347 Linden LLC, Case Nos.11-CV-1990(KAM), 11-CV-2201(KAM), 11-CV-2202(KAM), 2011 WL 2971496, at *4 (E.D.N.Y. July 20, 2011) ("The bankruptcy court may dismiss a Chapter 11 [petition] for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process") (internal marks omitted) (alteration in the original).  ***In considering whether to dismiss a bankruptcy case for bad faith, courts engage in "special scrutiny" where a case is a repeat filing***.  In re AMC Realty Corp., 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001) (emphasis added).

     Although not specifically enumerated in Section 1112(b), multiple courts, including the Second Circuit, have recognized that a debtor's "bad faith" in filing a Chapter 11 case is sufficient "cause" for dismissing a case pursuant to Section 1112(b).  See In re C-TC, 113 F.3d at 1310; Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1071 (5th Cir. 1986) ("Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings") (citing In re Victory Constr. Co., 9 B.R. 549, 551–60 (Bankr. C.D. Cal. 1981)).  In other words, good faith is a requirement for the filing of a Chapter 11 petition, which has as its ultimate objective a debtor's successful rehabilitation.  As such, "it is beyond cavil" that a Chapter 11 petition may be dismissed "for lack of good faith" pursuant to Section 1112(b).  Clear Blue Water, LLC, 476 B.R. at 67.

Although a moving party typically carries the burden of demonstrating that sufficient cause exists to dismiss a petition, when "the issue is whether the petition was filed in good faith, the burden shifts to the debtor to demonstrate that the petition was filed in good faith." Clear Blue Water, LLC, 476 B.R. at 68-69 (citing In re Syndicom Corp., 268 B.R. 26, 49 (Bankr. S.D.N.Y. 2001) (stating that "once the good faith of a debtor is called into question, the burden shifts to the debtor to demonstrate that the petition was filed in good faith")); In re Lombardo, 370 B.R. 506, 513 (Bankr. E.D.N.Y. June 29, 2007).

In the Second Circuit, a petition is filed in bad faith "if it is clear that, on the filing date, there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." In re Consol. Distribs., Inc., Case No. 13-40350 (NHL), 2013 WL 3929851, at *7 (Bankr. E.D.N.Y. July 23, 2013) (internal marks omitted) (emphasis added); In re Reyes, Case No. 14-13233(SMB), 2015 WL 4624156, at *4 (Bankr. S.D.N.Y. Aug. 4, 2015)[4] (citing Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.), 931 F.2d 222, 227 (2d Cir. 1991)); see also In re Kingston Square Assocs., 214 B.R. 713, 725 (Bankr. S.D.N.Y.1997) ("The standard in this Circuit is that a bankruptcy petition will be dismissed if both objective futility of the reorganization process and subjective bad faith in filing the petition are found") (emphasis omitted).[5] The first prong of the Consolidated Distributers standard sets forth the so-called

---

[4] Copies of all unpublished decisions are collectively attached hereto as **Exhibit A**.

[5] Although the Second Circuit requires this two part showing to dismiss a petition as being filed in bad faith, "a debtor's behavior can be so egregious—especially in a two-party case or a case in which the other parties in interest do not oppose the creditor's requested relief—that there may be no need to look into the possibility of a debtor's equity in the collateral or the reasonable likelihood of the debtor confirming a chapter 11 plan in a reasonable time." In re 68 W. 127 St., LLC, 285 B.R. 838, 847 (Bankr. S.D.N.Y. 2002) (citing Briarpatch Film Corp., 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002) and In re Eclair Bakery Ltd., 255 B.R. 121, 137-40 (Bankr. S.D.N.Y. 2000)); In re RYYZ, LLC, 490 B.R. 29, 36 (Bankr. E.D.N.Y. 2013). Although the serial filing related to the Property and the lack of an honest intention to reorganize should obviate the Court's consideration of any

subjective bad faith test while the second prong is known as the objective futility test. Because both subjective bad faith and objective futility exist in this case, Debtor's Chapter 11 petition should be dismissed pursuant to Section 1112(b).

### A.  Debtor's Petition Was Filed in Subjective Bad Faith.

In the Second Circuit, courts look to the following non-exhaustive factors (the "C-TC Factors") to determine whether a debtor has acted in bad faith:

>  (1) [whether] the debtor has only one asset;
>
>  (2) [whether] the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
>
>  (3) [whether] the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
>  (4) [whether] the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in [a separate action];
>
>  (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
>  (6) the debtor has little or no cash flow;
>
>  (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
>
>  (8) the debtor has no employees.

In re C-TC 9th Ave. P'ship, 113 F.3d at 1311; see also In re Consol. Distribs., Inc., 2013 WL 3929851, at *7 (listing and applying the C-TC Factors); In re Hartford & York LLC, 2014 WL 985449, at *4 (Bankr. E.D.N.Y. Mar. 13, 2014) (same); In re Murray, 543 B.R. 484, 491 (Bankr. S.D.N.Y. 2016) (acknowledging the C-TC Factors as indicia of a bad faith filing "principally in

---

objective factors here, as discussed below, objective futility exists in this case in any event, thereby warranting dismissal on grounds the petition was filed in bad faith.

voluntary cases commenced to block foreclosure <u>and other actions against property</u>") (emphasis added); <u>In re Project Orange Assocs., LLC</u>, 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010) (listing and applying the <u>C-TC</u> Factors).

Consideration of the <u>C-TC</u> Factors in this case makes clear that the Chapter 11 petition was filed in subjective bad faith. Specifically:

- <u>Factor 1</u>: *Debtor has only one asset*. Debtor's sole asset is its membership interest in Mortgage Borrower. This is confirmed by the Mezzanine Loan Agreement, in which Debtor expressly covenants that it will "not enter into any line of business other than the ownership of membership interests in Mortgage Borrower . . . ." <u>See</u> Chou Aff., Exh. C, § 4.2.3. Mortgage Borrower also has only one asset, as confirmed in the Chapter 11 petition it filed in connection with its prior bankruptcy.

- <u>Factor 2</u>: *Debtor appears to have no unsecured creditors and only one secured creditor*. It is believed that Debtor has no unsecured creditors, and that this case is nothing more than a two-party dispute between Debtor and 38th Avenue. This belief is based on the Borrower's express representation in the Mezzanine Loan Agreement that it had no material financial obligations, other than those incurred in the course of its business (which is limited to holding the membership interests in Mortgage Borrower). <u>See</u> Chou Aff., Exh. C, § 3.1.5. Notably, Mortgage Borrower did not identify any unsecured creditors in its prior Chapter 11 petition. Moreover, Debtor shirked the opportunity to identify any other creditors, having improperly failed to identify its 20 largest unsecured creditors in its Chapter 11 petition. Debtor also failed to file the schedules, statements, and other documents required by Rule 1007(b) either with the petition or within fourteen (14) days thereafter, in contravention of Rule 1007(c). Thus, Debtor cannot overcome its burden of establishing the absence of this <u>C-TC</u> factor.

- <u>Factor 3</u>: *Debtor's assets are subject to 38th Avenue's first priority security interests*. Although the UCC Sale has not yet been competed, based on Debtor's unequivocal and undisputed pre-petition default, 38th Avenue has the absolute right to sell the Pledged Membership Interests. <u>See</u> Chou Aff., ¶¶ 20-22, 26-27. In fact, the UCC Sale was scheduled to take place just one day before the Chapter 11 petition was filed.

- <u>Factor 4</u>: *This filing is essentially the product of a two party dispute best resolved in another forum*. There are no other secured creditors, nor do there appear to be any unsecured creditors. Thus, this case truly is a classic two party dispute between 38th Avenue and Debtor, and no one else. 38th Avenue has an absolute pledge of the Pledged Membership Interests, which constitute Debtor's sole asset. As a result of Debtor's pre-petition default under the Mezzanine Loan Documents, 38th Avenue has the right proceed with a UCC Sale of the Pledged Membership Interests. Thus, the filing of this Chapter 11 proceeding does nothing but delay 38th Avenue's ability to enforce its legitimate contractual and state law rights and remedies.

- Factor 5: *The timing of this filing evidences Debtor's intent to delay or frustrate 38th Avenue's legitimate efforts to enforce its rights.* As detailed above and in the Chou Aff., the Chapter 11 petition was filed on the eve of the UCC Sale. If Debtor had a legitimate challenge to the UCC Sale (which it does not), the UCC provides the process through which such challenges are to be pursued. State court is the proper forum to resolve such challenges and Debtor's effort to use this Court to avoid the UCC Sale is entirely improper.

- Factor 7: *Debtor has insufficient cash flow to meet current expenses.* Debtor is in default under the Mezzanine Loan Documents and Mortgage Borrower is in default under the Senior Loan Documents. Indeed, no debt service payments have been made on either loan since January 31, 2016. Thus, it is clear that Debtor cannot meet its current expenses. This has also led to concerns about the disposition of the rental stream generated by the Property.

- Factor 8: *Debtor has no full time employees.* Jiang is the sole member of the Debtor. It is believed that other than Jiang, Debtor has no other agents or employees. Thus, the final C-TC Factor has also been satisfied.

The existence of these C-TC Factors confirms Debtor has instituted this Chapter 11 proceeding in bad faith, solely to abuse the judicial process and to frustrate 38th Avenue's rights under the Mezzanine Loan Documents. Indeed, where, as in this case, a Chapter 11 case is "essentially a two-party civil lawsuit involving non-bankruptcy law brought in the bankruptcy court in the guise of being a reorganization of some sort under Chapter 11," the case should be dismissed as being filed in subjective bad faith. In re HBA E., Inc., 87 B.R. 248, 260 (Bankr. E.D.N.Y. 1988). "Chapter 11 was never intended to be used as a fist in a two party bout." Id. Furthermore, Mortgage Borrower emerged from Chapter 11 less than nine (9) months before Debtor's petition was filed. As such, this is essentially a repeat filing that deserves "special scrutiny."

      **B.    Debtor's Petition Is Objectively Futile.**

A petition is objectively futile if, "at the time of filing there [is] no reasonable probability "that the debtor will "eventually emerge from bankruptcy proceedings." Squires Motel, LLC v. Gance, 426 B.R. 29, 34 (N.D.N.Y. 2010) (internal marks omitted) (alteration in the original)

(citing In re Cohoes Indus. Terminal, Inc., 931 F.2d at 227 in turn citing, inter alia, Carolin Corp. v. Miller, 886 F.2d 693, 698–702 (4th Cir. 1989)); In re Consol. Distribs., Inc., 2013 WL 3929851, at *7; In re Loco Realty Corp., Case No. 09-11785(AJG), 2009 WL 2883050, at *6 (Bankr. S.D.N.Y. June 25, 2009) ("A debtor who has no realistic chance of successfully emerging from bankruptcy should no longer be in chapter 11").  Debtor's petition meets this test as there is no reasonable probability for Debtor to confirm a plan that will allow it to emerge from bankruptcy within a reasonable time.

Debtor has no assets other than its membership interest in Mortgage Borrower.  In turn, Mortgage Borrower's sole asset, the Property, is subject to a first mortgage lien in favor of Senior Lender and is in the process of being foreclosed.  The proceeds of the foreclosure sale must be used to satisfy the Mortgage Debt; moreover, it is unknown when the foreclosure sale will occur.  The Mezzanine Borrower has no other known resources from which to satisfy its obligation to Senior Lender and attempt to secure any additional funds from the Property or otherwise to dedicate to Mezzanine Borrower for the payment of its indebtedness to 38th Avenue.

Debtor cannot repay 38th Avenue and Senior Lender, and 38th Avenue will oppose any plan that fails to pay 38th Avenue and Senior Lender, in full, on the effective date.  Accordingly, Debtor's Chapter 11 petition is objectively futile and must be dismissed.[6]  In re Loco Realty Corp., 2009 WL 2883050, at *6  (consent of the creditors is required to confirm a plan that does not otherwise comply with Section 1129) (citing 11 U.S.C. § 1129(a)(7)).

---

[6] Since this is a one-creditor case, "cram down" under section 1129(b) would be impossible because there would be no accepting class as required by section 1129(a)(10). Section 1129(a)(10) provides 'If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.' 11 U.S.C. § 1129(a)(10). Moreover, Debtor's ability to satisfy many other requirements of Section 1129, including feasibility, are highly doubtful.

Because Debtor's petition is both objectively futile and was filed in subjective bad faith, the Court **must** dismiss Debtor's Chapter 11 petition pursuant to 11 U.S.C. § 1112(b).[7]

## II. IN THE EVENT THIS COURT IS DISINCLINED TO DISMISS DEBTOR'S PETITION, THE COURT SHOULD VACATE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).

If the Court does not dismiss the Chapter 11 cases altogether under Section 1112(b), the Court should grant 38th Avenue relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Pursuant to Section 362(a)(1), all actions against a debtor are automatically stayed upon the filing of a bankruptcy petition. Although the stay is automatic, however, "restraining creditors from enforcing their legitimate legal rights is strong medicine and our bankruptcy laws do not sanction the stay for [the] stay's sake." In re RYYZ, LLC, 490 B.R. at 33. Section 362 permits a court to lift the stay and allow a pre-petition action to continue against a debtor upon a showing of "cause." 11 U.S.C. § 362(d). Section 362(d) of the Bankruptcy Code provides:

> On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay—(1) for cause….

11 U.S.C. § 362(d).

"Cause" is not defined in the Bankruptcy Code; however, courts have found that the same factors that constitute "cause" to dismiss a case apply equally to a request that the automatic stay be lifted or modified. See In re 234-6 W. 22nd St. Corp., 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997) ("the standards for bad faith as evidence of cause," whether in the context of dismissal or

---

[7] In addition to Debtor's bad faith filing, there other bases under Section 1112(b)(4) to dismiss a petition including, without limitation, the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of confirmation," pursuant to Section 1112(b)(4)(A) and the gross mismanagement of the estate pursuant to Section 1112(b)(4)(B). In the event that the Court does not dismiss Debtor's petition based on the reasons articulated herein, 38th Avenue reserves its right to seek discovery concerning Debtor's management of Mortgage Borrower and, by implication, the Property, including the use of the rental revenue generated by the Property.

11

relief from the stay, "are not substantively different from each other") (citing <u>In re Laguna Assocs., L.P. v. Aetna Cas. & Sur. Co. (Laguna Assocs., L.P.)</u>, 30 F.3d 734, 737 (6th Cir. 1994)); <u>In re 221-06 Merrick Blvd. Assocs. LLC</u>, Case No. 1-10-45657-jbr, 2010 WL 5018265, at *3 (Bankr. E.D.N.Y. Dec. 3, 2010); <u>see also</u> <u>In re Project Orange Assocs., LLC</u>, 432 B.R. at 104 (citing <u>In re Eclair Bakery, Ltd.</u>, 255 B.R. at 138). Thus, like this Court's wide discretion to dismiss a Chapter 11 case, the decision to lift the automatic stay under Section 362(d)(1) is within the sound discretion of the Court. <u>In re Syndicom Corp.</u>, 268 B.R. at 43 (citing <u>Sonnax Indus, Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus, Inc.)</u>, 907 F.2d 1280, 1286 (2d Cir. 1990)).

"The burden of proof on a motion to lift . . . the automatic stay is a shifting one." <u>Ford v. Bd. of Managers of Cameo Townhouses at Massapequa</u>, Case No. 08CV2740(ADS), 2009 WL 425888, at *6 (E.D.N.Y. 2009); <u>In re Sonnax Indus, Inc.</u>, 907 F.2d at 1285. A party moving to lift the stay under Section 362(d)(1) "must initially produce evidence establishing 'cause' for the relief he requests." <u>In re Touloumis</u>, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). Once the moving party establishes a *prima facie* case for "cause," the burden shifts to the debtor to disprove its existence. <u>Burger Boys, Inc. v. S. St. Seaport L.P. (In re Burger Boys, Inc.)</u>, 183 B.R. 682, 687 (S.D.N.Y 1994) (citing 11 U.S.C. § 362(g)(1)).

In this case, cause exists to vacate the automatic stay because, as established in greater detail above, Debtor filed its Chapter 11 petition in bad faith. Indeed, all the C-TC Factors, which are indicative of a bad faith bankruptcy filing, are present here. Those bad faith factors alone constitute sufficient cause to lift the automatic stay pursuant to Section 362(d) of the Bankruptcy Code. <u>See</u> <u>In re 234-6 W. 22nd St. Corp.</u>, 214 B.R. at 757 (finding the same factors which constitute "cause" to dismiss a case apply equally to the showing necessary for the

automatic stay be lifted). Accordingly, if the Court is not inclined to dismiss the petition outright, it should nevertheless vacate the automatics stay pursuant to 11 U.S.C. § 362(d)(1) and allow the UCC Sale to proceed in the ordinary course.

## CONCLUSION

This Chapter 11 proceeding was filed in bad faith and constitutes nothing more than a desperate attempt by Debtor to derail 38th Avenue's exercise of its legitimate rights and remedies under the Loan Documents and state law. For all of the foregoing reasons, 38th Avenue respectfully requests this Court enter an Order: (A) dismissing Debtor's Chapter 11 petition pursuant to 11 U.S.C. § 1112(b); or, alternatively, (B) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

DATED: New York, New York
         September 8, 2016

    Respectfully submitted,

    COLE SCHOTZ P.C.
    Attorneys for 38th Avenue Mezz LLC

    By:   */s/ Leo V. Leyva*
        Leo V. Leyva
        James T. Kim
        Michael R. Yellin
        1325 Avenue of the Americas
        19th Floor
        New York, NY 10019
        Tel. (212) 752-8000