DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                   Chapter 11

SHIROKIA MEZZ I, LLC,            Case No. 16-43666 (nhl)

                        Debtor.
-------------------------------------------------------------X

## DECLARATION OF HONG QIN JIANG
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

HONG QIN JIANG, declares under penalties of perjury:

1. I am the sole member of Shirokia Mezz I LLC, the above-referenced debtor and debtor-in-possession (the "Debtor"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2. I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

### BACKGROUND

1. The Debtor is the sole member of Shirokia Development LLC ("Shirokia Development"). Shirokia Development is the owner, sponsor and selling agent for a building known as Shirokia Tower (the "Property"), located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated residential units, 4 commercial units and 47 parking spaces.

2. Shirokia Development was a chapter 11 debtor in this Court, EDNY Case No. 14-

44373 (nhl) filed on August 12, 2014. In that case, Shirokia Development successfully paid its first mortgage in full and paid all of its creditors by re-financing with a new lender in the approximate amount of $14,000,000, and obtaining a capital investment from a new equity partner, Wing Fung Chau. After the successful refinance, a final decree was entered on December 23, 2015.

3. When Shirokia Development regained possession of the Property many of the condominium units had been stripped of their kitchen cabinets and other valuable fixtures. There had been a shopping market on the ground commercial floor. All of the market's equipment and fixtures were missing. There was also an unauthorized tenant in the commercial mezzanine level. There was a lot of work to do before the units could be marketed and sold.

4. Since that time, Shirokia Development re-financed again for the purpose of obtaining additional capital to fund repairs and remodeling projects for the condominium units so they would be ready for sale. The new lender is W Financial Fund L.P. ("<u>W Financial</u>" or "<u>Senior Lender</u>"), which was granted a first mortgage on the Property.

5. Additional liquidity in the amount of approximately $2 million dollars was arranged through a mezzanine loan (the "<u>Mezz Loan</u>") from 38th Avenue Mezz LLC ("<u>38th Avenue Mezz</u>" or the "<u>Mezz Lender</u>") to the Debtor, as sole member of Shirokia Development. In connection with that transaction, the Debtor pledged a first priority security interest in its limited liability company membership interests in Shirokia Development as collateral for the mezzanine loan.

6. The Debtor used the Mezz Loan to do a tremendous amount of work to the Property. The units are beautiful and ready for sale, pending approval by the Attorney General.

7. However, the Debtor is allegedly in default of the $2 million Mezz Loan. In July 2016, the Debtor requested a pay-off letter from the Mezz Lender with the intention of paying

the full amount due. The Debtor was shocked to receive a demand letter for over $21 million dollars.

8. The next day, on July 19, 2016, the Mezz Lender sent a notice alleging certain Events of Default and scheduling an auction of the Debtor's pledged membership interests in Shirokia Development at a public sale on August 17, 2016.

9. The Mezz Lender has refused to accept its $2 million dollar pay-off. It also refused to adjourn the public sale of the Debtor's pledged membership interests to give the parties time to work out any issues with the Senior Lender.

10. In short, the Debtor was forced to file for chapter 11 relief to protect its valuable membership interests in Shirokia Development from being sold at a public sale by a lender who refused to accept the correct pay-off due to it.

11. The Debtor believes the current, much improved, value of the Property if the condominium units are sold separately is in excess of thirty million dollars.

12. By this Chapter 11 filing, the Debtor hopes to complete the re-finance process, to pay off the Mezz Lender, and to finalize the approval process with the Attorney General, thereby maximizing the value of the Property for all of its creditors, secured and unsecured alike.

## **INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2**

13. In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-4(a)(i)**

14. The Debtor is not a small business debtor within the meaning of 11 U.S.C. §101(51D).

**Local Rule 1007-4(a)(ii)**

15. The Debtor is the sole member of Shirokia Development LLC ("Shirokia

Development"). Shirokia Development is the owner, sponsor and selling agent for a building known as Shirokia Tower located at 142-28 38th Avenue, Flushing, NY 11354 (the "Property"), consisting of 23 residential units, 4 commercial units and 47 parking spaces.

**Local Rule 1007-4(a)(iii) and (iv)**

3.      This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Local Rule 1007-4(a)(v)**

4.      The Debtor does not have any largest general unsecured creditors.

**Local Rule 1007-4(a)(vi)**

5.      The Debtor has one secured creditor, 38th Avenue Mezz LLC.

**Local Rule 1007-4(a)(vii)**

6.      A summary of the Debtor's assets and liabilities is as follows:  Assets: membership interests in Shirokia Development LLC, believed to be in excess of thirty million dollars if the condominiums are sold separately, less costs to do so; Liabilities:  mezzanine loan from 38th Avenue Mezz LLC $2,000,000.

**Local Rule 1007-4(a)(viii)**

7.      There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(ix)**

8.      The Debtor's significant assets consist of its membership interests in Shirokia Development LLC.

**Local Rule 1007-4(a)(x) and (xi)**

9.      The Debtor does not have any real property.

**Local Rule 1007-4(a)(xii)**

10. The Debtor is not a party to any pending litigation. However, the Debtor's secured creditor, 38th Avenue Mezz LLC, alleged an Event of Default under the Loan Documents and scheduled a public auction of the Debtor's membership interest in Shirokia Development.

**Local Rule 1007-4(a)(xiii)**

11. The Debtor's senior management consists of Hong Qui Jiang, sole member.

**Local Rule 1007-4(a)(xiv) and (xv)**

12. The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is zero.

13. The Debtor's estimated payroll to officers and directors for the thirty (30) day period following the Chapter 11 petition is zero.

**Local Rule 1007-4(xvi)**

14. A 30-day budget is as follows:

    Income   $ -0-

    Expenses $-0-

15. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Flushing, New York
      September 20, 2016        /s/ Hong Qin Jiang

                                          HONG QIN JIANG